IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DARREL WAYNE HILL,
    Petitioner

No. 5:02-CV-00310

LARRY NORRIS, DIRECTOR,
    ARKANSAS DEPARTMENT OF
    CORRECTION,
        Respondent

## ORDER

Petitioner Darrel Wayne Hill seeks a Certificate of Appealability[1] from this Court's January 31, 2005 Memorandum Opinion and Order[2] denying Petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2254.[3] Specifically, Petitioner seeks a Certificate of Appealability as to the following claims:

1. Petitioner's execution, after more than twenty-five years on death row, would violate his 8th and 14th Amendment rights to be free from cruel and unusual punishment.

2. Petitioner's 1st, 8th and 14th Amendment rights were violated because witnesses were improperly questioned regarding their religious beliefs.

3. Petitioner was denied his rights under the 8th and 14th Amendments when the trial court allowed the introduction of alleged prior violent felonies that were not proven to be "violent".

---

[1]Docket No. 26.

[2]Docket Nos. 17 & 18.

[3]Docket Nos. 1 & 9.

4. Petitioner did not receive his requested jury instruction regarding life without parole as required by Supreme Court precedent.

5. Petitioner's 5th and 14th Amendment rights were violated when the state relied on "pecuniary gain" as an aggravating circumstance in Petitioner's second trial, but the jury in Petitioner's first penalty phase had failed to find such as an aggravating circumstance.

6. Petitioner was denied his due process rights during his post conviction proceedings because the same attorney represented him at trial and in the post-conviction phase which created an inherent conflict of interest.

7. Petitioner is mentally retarded and his death sentence violates the 8th and 14th Amendments.

8. Petitioner is entitled to *habeas* relief because of the cumulative errors that were committed in the trial and post-conviction proceedings.

9. Petitioner should have been granted an evidentiary hearing.

10. Petitioner should be allowed to reopen his *habeas* petition and file a final amended petition.

11. Pursuant to Federal Rule of Civil Procedure 27(b), Petitioner should be allowed to preserve testimony from two defense witnesses; one of whom is over eighty years old and the other witness is terminally ill.

The Court's January 31, 2005, Memorandum Opinion and Order denying petitioner's *habeas corpus* petition is subject to review, on appeal, by the Court of Appeals for the Eighth Circuit. 28 U.S.C. § 2253(a). Section 2253 also provides, in relevant part, however, that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention arises out of process issued by a State court[.]" 28 U.S.C. §2253(c)(1)(A).

This Court may issue a certificate of appealability on petitioner's claims only if petitioner has made a "substantial showing of the denial of a constitutional right," which has been described as a "modest standard." *Randolph v. Kemna*, 276 F.3d 401, 403 n. 1 (8th Cir.2002) (*quoting Charles v. Hickman*, 228 F.3d 981, 982 n. 1 (9th Cir. 2000)); 28 U.S.C. §2253(c)(2). The Supreme Court has interpreted the "substantial showing" requirement of §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.... When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Further, if a petitioner satisfies the "substantial showing" standard, whether for claims denied on the merits or claims denied on procedural grounds, the certificate of appealability must specify which of petitioner's claims have met the test. 28 U.S.C. § 2253(c)(3).

*Noel v. Norris*, 194 F. Supp. 2d 893, 933-34 (E.D. Ark. 2002).

After careful consideration and review, the Court finds that it is possible that reasonable jurists would find the Court's decision regarding Claims 1-8 to be debatable. Therefore, the Certificate is granted as to Claims 1-8 (1, 2, 3, 4, 5, 6, 7 and 8). The remaining claims, 9, 10 and 11, are denied certification.

IT IS SO ORDERED THIS 29th DAY OF JUNE, 2005

Richard E. Dorr
United States District Judge

3

bt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

June 29, 2005

* * MAILING CERTIFICATE OF CLERK * *

Re:    5:02-cv-00310.

True and correct copies of the attached were mailed by the clerk to the following:

    Kelly K. Hill, Esq.
    Arkansas Attorney General's Office
    Catlett-Prien Tower Building
    323 Center Street
    Suite 200
    Little Rock, AR   72201-2610

    Jenniffer Morris Horan, Esq.
    Federal Public Defender's Office
    The Victory Building
    1401 West Capitol Avenue
    Suite 490
    Little Rock, AR   72201

    Craig Lambert, Esq.
    Attorney at Law
    319 President Clinton Avenue
    Suite 205
    Little Rock, AR   72201

    press

                                              James W. McCormack, Clerk

Date:   6/29/05                          BY:   BTyree